IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

STANLEY P. EASTTY,
                Plaintiff,

-vs-                                            Case No. A-13-CA-915-SS

WELLS FARGO BANK, N.A.,
                Defendant.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment [#10], to which Plaintiff Stanley P. Eastty has not responded. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders GRANTING the motion.

### Background

This case arises out of Plaintiff Stanley P. Eastty's attempt to prevent eviction from the property located at 867 Shiloh Road, Bastrop, Texas 78602 (the Property). *See* Def.'s Mot. Summ. J. [#10-3], Ex. A (Doepp Decl.), ¶ 4. Eastty and his wife purchased the Property on June 20, 2007, and executed a Note payable to Home Financing Unlimited, Inc. d/b/a Mission Mortgage of Texas, Inc. (Original Lender) in the amount of $119,516.00. *See id*; *id.* [#10-4], Ex. A-1 (the Note). The Note was subsequently endorsed to Wells Fargo, and Wells Fargo endorsed the same in blank. *See id.* To secure payment of the Note, the Easttys concurrently executed a Deed of Trust encumbering the Property as well as one certain manufactured home described as Fleetwood 4644B/Green Hill. *See* Doepp Decl., ¶ 5; *id.* [#10-5], Ex. A-2 (Deed of Trust), ¶ 4. The Deed of Trust names Mortgage

Electronic Registration Systems, Inc. (MERS) solely as nominee for lender and lender's successors and assigns, as the beneficiary under the Deed of Trust. *See id.* On July 21, 2011, MERS, as nominee for Original Lender, assigned the Deed of Trust to Wells Fargo. *See* Doepp Decl., ¶ 6; *id.* [#10-6], Ex. A-3 (the Assignment). The Note was endorsed, and the servicing rights have been assigned, to Wells Fargo. *See* Doepp Decl., ¶ 6; the Note. As a result, Wells Fargo is the owner and holder of the original "wet ink" Note. *See* Doepp Decl., ¶ 6.

On January 31, 2012, Wells Fargo's foreclosure counsel sent the Easttys a letter stating the loan was in default, and if they failed to cure the default within thirty days, the Note's maturity date would be accelerated. The Easttys did not cure the default. *See id.* [#10-8], Ex. B (Howell Aff.), ¶ 4; *id.* [#10-9], Ex. B-1 (letters sent by counsel to borrowers). The last full payment was made February 15, 2011 in the amount of $1,102.71 for the November 2010 payment, and at the time of foreclosure, the Note was due for the December 2010 payment. *See* Doepp Decl., ¶ 7.

In April 2012, Wells Fargo learned the Property sustained extensive damage from a fire. *See id.*, ¶ 8. On or about August 10, 2012, Wells Fargo received $117,500.00 in insurance proceeds for the claim made with respect to the fire damage to the Property (the Insurance Proceeds). *See id.* At the time, Eastty would have needed to pay in excess of $137,609.47 to pay off his loan in full. *See id.*; *id.* [#10-7], Ex. A-4. The Deed of Trust contains a provision addressing how fire insurance proceeds received with respect to the Property may be used:

> All or any part of the insurance proceeds may be applied by lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in Paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property.

Deed of Trust, ¶ 4. Eastty indicated he wanted the Insurance Proceeds to be used to pay off his loan and continued to occupy the Property. *See* Doepp Decl., ¶ 9. Because the Insurance Proceeds were not enough to pay off the loan in full, they were placed into a restricted escrow. *See id.*

On or about November 9, 2012, an Appointment of Substitute Trustee was executed, and on or about December 6, 2012, it was filed in the Official Public Records of Bastrop County, Texas under instrument number 201215278, authorizing the substitute trustee to proceed with any foreclosure sale related to the Property. *See* Howell Aff., ¶ 5; *id.* [#10-10], Ex. B-2. On or about June 14, 2013, Wells Fargo's foreclosure counsel mailed separate certified letters to each of the Borrowers to notify them the Note had been accelerated, and the foreclosure sale was scheduled for August 6, 2013. *See* Howell Aff., ¶ 6; *id.* [#10-11], Ex. B-3. On or about August 6, 2013, the substitute trustee conducted a foreclosure sale of the Property, and Wells Fargo purchased the Property for $34,417.83. *See* Howell Aff., ¶ 7; *id.* [#10-12], Ex. B-4. On August 15, 2013, Wells Fargo conveyed the Property via General Warranty Deed to the Secretary of Housing and Urban Development (HUD). *See* Howell Aff., ¶ 8; *id.* [#10-13], Ex. B-5.

On September 11, 2013, Eastty filed this lawsuit in state court asserting claims based on the contentions: (1) he paid off the loan in full by submitting a $117,500.00 fire insurance check with respect to the Property, thereby extinguishing Wells Fargo's lien on the Property; and (2) Wells Fargo foreclosed on the Property without notice. The specific causes of action are: (1) breach of contract; (2) trespass to try title; and (3) declaratory action for wrongful foreclosure. Wells Fargo removed the case to this Court and filed the instant motion for summary judgment on all claims.

Analysis

As an initial matter, the Court notes Eastty has not filed a response to Wells Fargo's motion for summary judgment, a motion filed on April 16, 2014, and the Court grants the motion as unopposed. *See* Local Rule CV-7(e)(2). The Court nevertheless addresses the merits of the motion below, and agrees with Wells Fargo's position.

### I.   Legal Standard—Summary Judgment

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to

defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II.   Application

### A.   Eastty's breach of contract claim fails

Under Texas law, the elements of a breach of contract claim are: (1) there is a valid, enforceable contract; (2) the plaintiff performed, tendered performance of, or was excused from performing its contractual obligations; (3) the defendant breached the contract; and (4) the defendant's breach caused the plaintiff injury. *Winchek v. Am. Express Travel Related Servs.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

First, Eastty's breach of contract claim fails because he has failed to prove he performed his obligations under the Deed of Trust, and indeed the record shows he defaulted on the loan. Eastty

alleges he performed his payment obligations under the Note and Deed of Trust by submitting the Insurance Proceeds to Wells Fargo, and Wells Fargo breached the Deed of Trust by failing to credit the Insurance Proceeds against his debt. According to Eastty, Wells Fargo then foreclosed without notice. Eastty is mistaken for a number of reasons. As an initial matter, the Deed of Trust did not require Wells Fargo to apply the Insurance Proceeds against his debt. *See* Deed of Trust, ¶ 4. In addition, the Insurance Proceeds were not enough to pay off Eastty's debt—he owed an additional $20,109.47. While Eastty continued to occupy the Property, the Insurance Proceeds were placed into a restricted escrow account, and he had ample opportunity to pay off his loan prior to foreclosure. Moreover, at the time Wells Fargo received the Insurance Proceeds, Eastty had not made a payment on his loan for approximately two years. The record is clear Eastty breached the Deed of Trust, and consequently his breach of contract of contract claim fails.

Second and relatedly, Eastty fails to show Wells Fargo actually breached the contract, and the record indicates the opposite. As stated above, Wells Fargo was not required to apply the Insurance Proceeds to Eastty's debt. Also, Eastty's contention Wells Fargo failed to provide notice of foreclosure is contradicted by the record. The Texas Property Code requires a lender to serve a debtor in default under a deed of trust with written notice of default and give at least twenty (20) days to cure the default before the entire debt is due and notice of foreclosure sale is given, and Texas common law requires a creditor provide the debtor with a notice of intent to accelerate the debt. TEX. PROP. CODE § 51.002(d); *Ogden v. Gibralter Sav. Ass'n*, 640 S.W.2d 232, 233 (Tex. 1982). The Deed of Trust also required the lender to mail a notice of sale to Eastty "in the manner prescribed by the applicable law," which called for Wells Fargo to mail Eastty a notice of the sale at least twenty-one (21) days before the sale. Deed of Trust, ¶ 18; TEX. PROP. CODE § 51.002(b).

Neither the Deed of Trust nor Texas law required Wells Fargo to provide Eastty with any other notices.

On January 31, 2012, Wells Fargo sent Eastty a notice of default that afforded Eastty more than twenty days to cure his default. Several months passed without Eastty making a payment on his loan. In fact, the last payment Eastty made on the Note was made for the November 2010 payment. Thus, on June 14, 2013, Wells Fargo sent Eastty a letter to notify him the loan had been accelerated, and a foreclosure sale was scheduled for August 6, 2013 (more than 21 days later). As a result, Eastty cannot dispute Wells Fargo complied with the notice requirements under the Deed of Trust and Texas law; Wells Fargo provided him with timely notices of default, intent to accelerate, acceleration, and sale. Further, Eastty cannot establish Wells Fargo failed to provide an opportunity to cure his default prior to acceleration.

Accordingly, the uncontroverted summary judgment evidence shows Eastty's breach of contract claim fails, and the Court concludes Wells Fargo is entitled to summary judgment on this claim.

### B. Eastty's trespass to try title and quiet title claim fails

To prevail in a trespass-to-try-title action, a plaintiff must usually: (1) prove a regular chain of conveyances from the sovereign; (2) establish superior title out of a common source; (3) prove title by limitations; or (4) prove title by prior possession coupled with proof possession was not abandoned. *See Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). A suit to quiet title is an equitable action in which the plaintiff seeks to recover possession of property wrongfully withheld. *Porretto v. Patterson*, 251 S.W.3d 701, 708 (Tex. App.—Houston [1st Dist.] 2007, no pet.). "The principal issue in a suit to quiet title is the existence of a cloud that equity will remove." *Ballard v.*

*Allen*, No. 12-03-00370-CV, 2005 WL 1037514, at *3 (Tex. App.—Tyler May 4, 2005, no pet.) (mem. op., not designated for publication). To quiet title in his favor, the plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied). In other words, the plaintiff must recover on the strength of his own title, not the weakness of his adversary's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

Eastty's claim for trespass to try title and request to quiet title fail because he cannot show he has any interest in the Property, let alone a superior interest. Eastty cannot show the August 6, 2013, foreclosure sale was void, and he cannot, in light of the endorsed Note and the valid assignment, attack the validity of Wells Fargo's mortgage interest in the Property. The record shows the subject loan was delinquent, and consequently Wells Fargo had the right to foreclose. The summary judgment evidence further establishes Wells Fargo conducted the foreclosure in compliance with the Deed of Trust and the Texas Property Code. Eastty cannot establish Wells Fargo lacked the power or authority to foreclose or that there was any other defect or irregularity in the sale which would render the foreclosure sale void.

Therefore, Wells Fargo is entitled to judgment as a matter of law on Eastty's trespass-to-try-title and quiet title claims.

### C.  Eastty's wrongful foreclosure claim fails

The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate sales price; and (3) a causal connection between the defect and

the grossly inadequate sales price. *Charter Nat'l Bank–Hous. v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied).

This claim appears to be premised on the contentions: (1) Eastty was not in default because of the Insurance Proceeds; and (2) Wells Fargo failed to provide notice of the foreclosure. For the same reasons described above, the arguments are rejected. Furthermore, there is no evidence in the record indicating a grossly inadequate sales price.

Therefore, Wells Fargo is entitled to summary judgment on Eastty's wrongful foreclosure claim.

### Conclusion

Eastty provides no evidence to support his claims, and the summary judgment evidence provided by Wells Fargo establishes summary judgment in its favor is appropriate. Eastty is not entitled to any of his requested relief, including declaratory relief, injunctive relief, damages, or attorney's fees.

Accordingly,

IT IS ORDERED that Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment [#10] is GRANTED.

SIGNED this the 16th day of June 2014.

SAM SPARKS
UNITED STATES DISTRICT JUDGE